# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Larry Dwain Clark, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| County of McLean in the State of | ) | |
| North Dakota; Don Charging, | ) | |
| Sheriff; Dave Peterson, Chief | ) | |
| Deputy; Sharon Fox, court reporter; | ) | Case No.  1:08-cv-075 |
| Department of Corrections of | ) | |
| North Dakota, | ) | |
| | ) | |
| Defendants. | ) | |

On August 8, 2008, the plaintiff, Larry Dwain Clark ("Clark"), lodged a pro se complaint with the court. On August 25, 2008, he filed an application to proceed *in forma pauperis* that contained conflicting information; it initially stated that he was in the custody of the North Dakota Department of Corrections and Rehabilitation but later stated his anticipated release date was August 12, 2008.

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court in its discretion may authorize the commencement of a suit without prepayment of fees by person submitting a financial affidavit evincing his inability to pay. See 28 U.S.C. § 1915(a)(1); see also Gardner v. King, 464 F.Supp. 666,  669 (W.D.N.C. 1979); Davidson v. Joseph Horne & Co., 265 F.Supp. 750, 755 (D.C. Pa. 1967).[1]

---

[1] Title 28 of the United State Code, § 1915 further provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

The court has confirmed that Clark was released from State custody on August 12, 2008. In light of Clark's recent release and in order to fairly assess Clark's application to proceed *in forma pauperis*, the court requires that Clark supplement his application with additional information regarding his employment status, income, assets, and any outstanding debt or other obligations he has incurred.  Clark may accomplish this by completing the attached financial affidavit and returning it to the court.

The court shall hold this matter in abeyance pending receipt of additional information from Clar.  If Clark has not returned the financial affidavit or otherwise provided the court with additional financial information by October 10, 2008, the undersigned shall recommend that his application be denied and his complaint be dismissed without prejudice.

Dated this 10th day of September, 2008.

>                     */s/  Charles S.  Miller, Jr.*
>                     Charles S.  Miller, Jr.
>                     United States Magistrate Judge

---

      (A)  The allegation of poverty is untrue; or
      (B)   the action or appeal–
           (i)   is frivolous or malicious
           (ii)  fails to state a claim on which relief may be granted; or
           (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 922 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)).  A claim lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory.  Id.